[Cite as *State v. Huber*, 2018-Ohio-2751.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-31 |
| | : | |
| v. | : | Trial Court Case Nos. 06-CR-22B, 06- |
| | : | CR-163 |
| JAMES M. HUBER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2018.

. . . . . . . . . .

ANTHONY KENDELL, Atty. Reg. No. 0067242, 201 W. Main Street, Prosecutor's Office,
Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 W. Second Street, Suite 603, Dayton,
Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the December 14, 2017 Notice of Appeal of James M. Huber. Huber appeals from the trial court's November 17, 2017 Entry overruling his October 12, 2017 pro se request for a review of his jail time credit. In Case No. 2006 CR 163, Huber was sentenced to four years for engaging in a pattern of corrupt activity and four years for conspiracy to engage in a pattern of corrupt activity, and the court ordered the sentences to be served concurrently. In Case No. 2006 CR 22B, Huber was sentenced to 12 months for breaking and entering, 18 months for theft, and eight years for possession of drugs, to be served concurrently to each other and consecutively to Case No. 2006 CR 163, for an aggregate term of 12 years. Huber was awarded 87 days of jail time credit. The State concedes error in the calculation of jail time credit, and we hereby reverse and remand the matter for the trial court to calculate the amount of jail time credit to which Huber is entitled and to place its factual findings on the record.

**{¶ 2}** In his request for review of jail time credit, Huber asserted that he is entitled to 242 days of jail time credit, specifically 180 days in Case No. 2006 CR 22B and 62 days in Case No. 2006 CR 163. The State, at the trial level, suggested that Huber was entitled to 87 days of jail time credit, asserting that he was in custody prior to sentencing from December 29, 2005 to February 27, 2006 for 61 days; from March 24, 2006 to March 28, 2006 for five days; and from October 27, 2006 to November 16, 2006, for 21 days. The trial court overruled Huber's requests, "[b]ased on the State's response." We note that the November 29, 2006 "Notice of Commitment and Calculation of Sentence" filed by the Ohio Department of Rehabilitation and Correction in each case provides that Huber

was entitled to 99 days of aggregate jail time credit.

{¶ 3} In his brief, counsel for Huber does not set forth a specific assignment of error, but he identifies the following "issue": "The record is void of any analysis as to why the Trial Court only applied 87 days of jail time credit." We will construe this "issue" as Huber's assignment of error. Counsel for Huber attached to his brief correspondence he received from Huber which provides in part, "I did the math off my docket sheet from posting bond and being locked back up and I'm owed 242 days but if I go off the Jail Time the county submitted I'm owed 342 days." The correspondence further provides that Huber has "been locked up since 2006 when I turnt [sic] myself in. My max out date is 3-25-2019. I got 13 years total I got a year for a failure to comply so I'm starting the final year in a few days."

{¶ 4} The State now responds as follows:

At the time of sentencing, no factual findings were made to determine jail time credit. An 87-day calculation was journalized in the written entry, but there was no explanation for the basis for that calculation. Appellant filed a motion requesting review of his credit and additional credit, also without supporting documentation. The State responded with the dates Appellant is believed to have been in custody prior to sentencing (totaling 87 days), but did not provide any factual support for those dates. Appellee submits that fundamental fairness entitles the Appellant to have his cases remanded so the trial court can issue factual findings supporting his jail time credit.

{¶ 5} R.C. 2967.191 provides:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶ 6} R.C. 2929.19 provides:

* * *

(B) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(g)(i) Determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

* * *

(iii) The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 7} Huber's assigned error is sustained. Since the basis for the court's award of 87 days of jail time credit is not supported in the record, and the State concedes error in

the calculus of jail time credit, the judgment of the trial court is reversed, and the matter

is remanded solely for a calculation of Huber's proper jail time credit.

Copies mailed to:

Anthony Kendell
Janna L. Parker
John S. Pinard
Hon. Christopher Gee, Administrative Judge